IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS B. STRONG, SR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-11-833 |
| DEPT. OF VETERANS AFFAIRS, RONALD J. HENKE, and PHIL LOUDEN | * | |
| | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was filed on March 30, 2011. Although Plaintiff did not pay the $350 filing fee, he did not file a Motion to Proceed in Forma Pauperis. He will be required to correct this oversight. Additionally, Plaintiff will be required to supplement the complaint.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 547.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555).

The court has thoroughly examined the complaint and finds it insufficient as it does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint contains only legal statements and conclusions concerning Plaintiff's belief that there is a conspiracy among Defendants and that his right of privacy has been abridged. The precise nature and jurisdictional basis of the complaint and how each named Defendant is involved cannot be discerned from the complaint as currently presented. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A .*, 534 U.S. 506, 512, (2002) (internal quotation marks omitted). In light of Plaintiff's pro se status, he will be provided an opportunity to correct these defects by supplementing the current complaint with a statement of the supporting facts for his claims, describing how each Defendant has allegedly violated his rights. Plaintiff is forewarned that failure to file the supplemental pleadings required by the accompanying Order will result in dismissal of the complaint without further notice and without prejudice.

/s/

 4/5/11  	 _____
Date	William M. Nickerson
	Senior United States District Judge

2