```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND


THOMAS B. STRONG                *
                                *
v.                              *
                                *    Civil Action No. WMN-11-833
U.S. DEPARTMENT OF VETERAN'S    *
AFFAIRS et al.                  *
                                *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM

Plaintiff Thomas Strong, proceeding pro se, filed this action on March 30, 2011.  Without providing any additional detail, he alleged that the Department of Veteran's Affairs (DVA) and two of its employees, Defendants Ronald Henke and Phil Louden, conspired with Mrs. Catina Gilmore-Jones to commit fraud, identity theft, discrimination against the disabled, political discrimination, and invasion of privacy.  Unable to parse the intended claims, the Court requested that Plaintiff supplement his Complaint.  On April 12, 2011, Plaintiff filed a supplemental complaint which included allegations that in 1972, the Army gave him a less than honorable discharge on the ground that he had self-inflicted an injury.  He also references a series of employment problems he experienced in the 1980s and 1990s that he attributes to political motivations and because of his physical and mental disabilities.  He also repeats his

allegation of identity theft but with no additional factual support.[1]

Defendants have filed a motion to dismiss or for summary judgment, ECF No. 14, in which they provide a lengthy narrative of Plaintiff's military history and interactions with the DVA. They note first that Plaintiff received an honorable discharge and that his records contain no reference to any self-imposed injury.  They also outline the decades-long dispute in which Plaintiff has engaged the DVA regarding his disability status. Due to various physical and mental conditions, Plaintiff's disability rating was gradually increased over the years until July 2009 when the DVA determined that his schizophrenia was 100% disabling.

In their motion, Defendants contend that the Complaint, even as supplemented, fails to state a valid claim.  To the extent Plaintiff is challenging his discharge records, his claims are not only unsupported by the facts (i.e., the records show that he was honorably discharged), but are beyond  the jurisdiction of this Court.  See 10 U.S.C. § 1558 (outlining the steps that must be taken before a challenge to military records are subject to judicial review).  As to any challenge that

---

[1] The undersigned notes that many of the allegations raised in this action were also raised in previous actions filed in this Court.  Strong v. Dept. of the Navy, Civil No. RDB-08-2440; Strong v. Dept. of Veterans Affairs, Civil No. RDB-09-3272.

Plaintiff might intend regarding his disability ratings, this Court is also without jurisdiction to review those claims.  See 38 U.S.C. § 511.  Plaintiff's remaining allegations are also clearly related to or derived from disputes regarding Plaintiff's veteran's benefits and thus, are similarly barred by 38 U.S.C. § 511.

Plaintiff filed an opposition to Defendants' motion in which he simply asks for a "show cause" hearing at which he could present witnesses in support of his claims.  ECF No. 18.  As Plaintiff's complaint fails to state a claim over which this Court has jurisdiction, however, any evidentiary hearing would be without purpose.  Accordingly, the Court is going to grant Defendants' motion.  A separate order consistent with this memorandum will be issued.

/s/

_____
William M. Nickerson
Senior United States District Judge

DATED: November 17, 2011.